IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

DR. PAMELA SCOTT BRACEY                                                                      PLAINTIFF

V.                                                            CIVIL ACTION NO. 1:19-CV-233-NBB-DAS

MISSISSIPPI STATE UNIVERSITY                                                               DEFENDANT

## ORDER DENYING MOTION FOR PARTIAL DISMISSAL

Presently before the court is the defendant Mississippi State University's Motion for Partial Dismissal Pursuant to Federal Rule of Civil Procedure 12(b)(6). Upon due consideration of the motion, response, and applicable authority, the court finds that the motion is not well taken and should be denied.

The plaintiff, Dr. Pamela Scott Bracey, an African American female, filed this action against the defendant Mississippi State University ("MSU") alleging race discrimination, hostile work environment, and retaliation in violation of Title VII of the Civil Rights Act of 1964. Bracey filed her initial charge of race discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 31, 2018. An EEOC investigation ensued thereafter and continued through September 25, 2019, when the plaintiff received her right to sue letter from the EEOC. During the investigation period, on April 4, 2019, the plaintiff had a meeting with an EEOC investigator assigned to her case wherein she notified the investigator that she was experiencing retaliation as a result of having filed her EEOC charge. The plaintiff again contacted the investigator on June 28, 2019, months prior to the close of the investigation, to notify the investigator of continued acts of retaliation and discrimination that had occurred since their last contact. On August 8, 2019, the plaintiff once again contacted the investigator to

confirm that her previous communications had been received. The plaintiff also submitted a timeline of retaliatory acts to the investigator via the EEOC web portal.

After receiving her right to sue letter from the EEOC, the plaintiff timely filed her complaint in this court on December 19, 2019. The defendant subsequently filed the present motion for partial dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), citing the plaintiff's alleged failure to exhaust her administrative remedies as ground for dismissal of the plaintiff's retaliation claim.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.,* 565 F.3d 228, 232-33 (5th Cir. 2009). The court is not, however, bound to accept as true legal conclusions couched as factual allegations. *Iqbal,* 556 U.S. at 678. A legally sufficient complaint need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Twombly,* 550 U.S. at 555. In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand,* 565 F.3d at 255-57. If there are insufficient factual allegations to raise a right to relief above the speculative level or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly,* 550 U.S. at 555.

The defendant seeks dismissal of the plaintiff's retaliation claim, arguing that by not filing a separate charge of discrimination with the EEOC on the claim, the plaintiff failed to exhaust her administrative remedies, and the claim must be dismissed. Indeed, "[i]t is well settled that courts may not entertain claims brought under Title VII as to which an aggrieved party has not first exhausted her administrative remedies by filing a charge of discrimination with the EEOC." *Blanchet v. Chevron/Texaco Corp.*, 368 F. Supp. 2d 589, 601 (E.D. Tex. 2004) (citing *Taylor v. Books A Million*, 296 F.3d 376, 378-79 (5th Cir. 2002)). "Although filing of an EEOC charge is not a jurisdictional prerequisite, it 'is a precondition to filing suit in district court.'" *Taylor*, 296 F.3d at 379 (quoting *Dao v. Auchan Hypermarket*, 96 F.3d 787, 788-89 (5th Cir. 1996)).

The Fifth Circuit has recognized that "competing policies underlie judicial interpretation of the exhaustion requirement," stating:

> On one hand, the scope of an EEOC charge should be liberally construed for litigation purposes because Title VII was designed to protect the many who are unlettered and unschooled in the nuances of literary draftsmanship. On the other hand, the primary purpose of Title VII is to trigger the investigatory and conciliatory procedures of the EEOC, in an attempt to achieve non-judicial resolution of employment discrimination claims. To reconcile these policies, this court construes an EEOC complaint broadly but in terms of the administrative EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. We use a "fact-intensive analysis" of the administrative charge that looks beyond the four corners of the document to its substance. In sum, a Title VII lawsuit may include allegations like or related to allegations contained in the EEOC charge and growing out of such allegations during the pendency of the case before the Commission.

*McClain v. Lufkin Industries, Inc.*, 519 F.3d 264, 273 (5th Cir. 2008) (internal citations omitted).

In *Gupta v. East Tex. State Univ.*, 654 F.2d 411 (5th Cir. 1981), the Fifth Circuit held "that it is unnecessary for a plaintiff to exhaust administrative remedies prior to urging a retaliation claim growing out of an earlier charge; the district court has ancillary jurisdiction to

3

hear such a claim when it grows out of an administrative charge that is properly before the court." *Id.* at 414. The appellate court then provided the following rationale in support of its holding:

> There are strong practical reasons and policy justifications for this conclusion. It is the nature of retaliation claims that they arise after the filing of the EEOC charge. Requiring prior resort to the EEOC would mean that two charges would have to be filed in a retaliation case, a double filing that would serve no purpose except to create additional procedural technicalities when a single filing would comply with the intent of Title VII. We are reluctant to erect a needless procedural barrier to the private claimant under Title VII, especially since the EEOC relies largely upon the private lawsuit to obtain the goals of Title VII. Intertwined with this practical reason for our holding is a strong policy justification. Eliminating this needless procedural barrier will deter employers from attempting to discourage employees from exercising their rights under Title VII.

*Id.* (internal citations omitted).

In the present case, the plaintiff's alleged retaliation charge grows out of her earlier charge and the act of her filing said charge. Further, in attempts to update her charge and the EEOC investigation, she notified the EEOC investigator of the alleged retaliatory actions on the part of the defendant multiple times, both verbally and by email, during the pendency of the investigation and well prior to the issuance of her right to sue letter. Taking the plaintiff's allegations as true, as the court must at this stage of the litigation, the court finds that the plaintiff's claim of retaliation should survive Rule 12(b)(6) review. Accordingly, the court finds that the defendant's motion for partial dismissal is not well taken, and that it should be, and the same is hereby **DENIED**.

**SO ORDERED AND ADJUDGED** this 1st day of September, 2020.

/s/ Neal Biggers
NEAL B. BIGGERS, JR.
UNITED STATES DISTRICT JUDGE

4